IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT FALLON | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| PORT-AUTHORITY TRANS-HUDSON CORPORATION (PATH), | : | JURY TRIAL DEMANDED |
| Defendant | : | NO. |

## COMPLAINT

### COUNT I

1.  The plaintiff herein is Robert Fallon, a citizen and resident of the State of Pennsylvania, residing therein at 2306 State Road, Croydon, PA 19021.

2.  This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., §§20301, et seq., and "The Federal Boiler Inspection Act," Title 49 U.S.C.A., §§20701, et seq.

3.  The defendant is a corporation duly organized and existing under and by virtue of the laws of the states of New Jersey and/or New York and does business in the District of New Jersey.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

8. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

9. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

10. On or about July 2, 2013, at or about 4:30 p.m., and for some time prior thereto, plaintiff was employed by defendant, Port-Authority Trans-Hudson Corporation (PATH) as an engineer.

11. On the aforementioned date, and at the aforementioned time, plaintiff was located in the Locomotive MU cab and was operating a passenger train between New York City and Newark, NJ. The engineer's seat was broken, defective and not properly functioning as the seat's shock absorber was not doing what it was supposed to do and during the ride the plaintiff was caused to bounce up and down in the engineer's seat. When the train was returning from New York City, this problem became especially bad because there was extremely rough track resulting in abnormal lateral movement of the locomotive, and slamming of the locomotive, as the train was traveling through the Kerney Pocket Interlocking. As a result of the combination of the unsafe track conditions, the improper movement of the train, and the improper condition and movement of the engineer seat, plaintiff sustained the serious painful and permanent injury more particularly hereinafter set forth. The aforementioned accident was caused by the negligence and carelessness of the defendant, its agents, servants, workmen and/or employees, and by the violation of the federal laws and regulations including to but not limited to those related to the safety of track, locomotives, and locomotive seats.

12. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Boiler Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

13. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injuries to the low back; low back sprain; lumbar strain; and lumbar muscular

injury. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

## COUNT II

14. The plaintiff herein is Robert Fallon, a citizen and resident of the State of Pennsylvania, residing therein at 2306 State Road, Croydon, PA 19021.

15. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., §§20301, et seq., and "The Federal Boiler Inspection Act," Title 49 U.S.C.A., §§20701, et seq.

16. The defendant is a corporation duly organized and existing under and by virtue of the laws of the states of New Jersey and/or New York and does business in the District of New Jersey.

17. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

18. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

19. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

20. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

21. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

22. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

23. On or about July 27, 2014, at or about 7:30 p.m., and for some time prior thereto, plaintiff was employed by defendant, Port-Authority Trans-Hudson Corporation (PATH) as an engineer.

24. On the aforesaid date, and at the aforementioned time, plaintiff was located in Tunnel E of the Exchange Place Station in New Jersey. Plaintiff was assigned as the engineer for a work train that was working within the aforementioned tunnel. On the aforementioned date and at the aforementioned time as the plaintiff was finishing his shift, the only way to exit the tunnel was to walk along a narrow ledge on the side of the tunnel, balancing himself so that he did not fall four (4) feet to the ballast below, and avoiding numerous hazards such as the third-rail, cables and

other objects protruding from the wall. At the aforementioned date and at the aforementioned time, one of the obstacles that plaintiff encountered was a cable box that protruded from the wall further than the ledge on which he was required to stand and walk. The aforementioned accident was caused by the negligence and carelessness of the defendant, its agents, servants, workmen and/or employees, and by the violation of federal laws and regulations, including but not limited to the failure to provide safe egress from the locomotive and from the tunnel, when plaintiff's right ring finger got caught in the cables as plaintiff was moving he felt immediate pain in his right hand and heard a snap. As a result of the aforementioned accident, plaintiff sustained the serious, painful and permanent personal injuries more particularly hereinafter set forth.

25. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Boiler Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

26. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injury to the right hand; injury to the fingers of the right hand; distil falderal fracture, boney mallet injury; fracture of the distil phalanx right 4th finger; and right boney mallet injury. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

## COUNT III

27. The plaintiff herein is Robert Fallon, a citizen and resident of the State of Pennsylvania, residing therein at 2306 State Road, Croydon, PA 19021.

28. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress,

approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., §§20301, et seq., and "The Federal Boiler Inspection Act," Title 49 U.S.C.A., §§20701, et seq.

29. The defendant is a corporation duly organized and existing under and by virtue of the laws of the states of New Jersey and/or New York and does business in the District of New Jersey.

30. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

31. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

32. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

33. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

34. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of

money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

35. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

36. On or about November 24, 2014 and for some time prior thereto, plaintiff was employed by defendant, Port-Authority Trans-Hudson Corporation (PATH).

37. On the aforesaid date, plaintiff reported to the locomotive to which he had been assigned by PATH. The locomotive seat was too high and therefore had to be adjusted. The seat was broken, defective and had a malfunctioning plunger apparatus that made it extremely difficult to adjust the seat. Plaintiff attempted to adjust the seat by sitting in it and moving backwards. However, when he did so, suddenly and without warning the seat propelled itself forward, causing plaintiff to strike his right knee against the engineer's console. The aforementioned accident was caused by the negligence and carelessness of the defendant, its agents, servants, workmen and/or employees, and by the violation of federal laws and regulations, including but not limited to failing to properly maintain and repair the subject seat. As a result of the aforementioned accident, plaintiff sustained the serious, painful and permanent personal injuries more particularly hereinafter set forth.

38. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Boiler Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

8

39. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injuries injury to the right leg; injury to the right knee; medial meniscal tear with medial femoral condylar articular surface irregularity; chondromalacia of the right patella small joint effusion; internal derangement of the right knee; and contusions of the right knee. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

WHEREFORE, plaintiff demands of the defendant, upon each of the foregoing Counts, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

COFFEY KAYE MYERS & OLLEY

By: _____
ROBERT E. MYERS, ESQUIRE
Attorney Identification No.: 014131985
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
(610) 668-9800 – phone
(610) 667-3352 – fax
Attorney for Plaintiff: Robert Fallon

Date: _____